**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| ANGELA LOWE, | ) | CASE NO. 1: 08 CV 1339 |
| | ) | |
| Plaintiff, | ) | |
| | ) | JUDGE DONALD C. NUGENT |
| v. | ) | |
| | ) | |
| CUYAHOGA COUNTY BOARD OF | ) | MEMORANDUM OPINION |
| COMMISSIONERS, et al., | ) | AND ORDER |
| | ) | |
| Defendants. | ) | |

This matter comes before the Court on Cross-Motions for Summary Judgment.  In particular, currently pending before the Court is a Motion for Summary Judgment On All Coverage Issues filed by Defendant and Third-Party Plaintiff Cuyahoga County Commissioners and their respective employees (collectively "the County") against Third-Party Defendant State Automobile Mutual Insurance Company ("State Auto") (ECF # 165), and State Auto's Cross-Motion for Summary Judgment Upon All Coverage Issues (ECF # 172).  For the reasons set forth below, the County's Motion for Summary Judgment is GRANTED, and State Auto's Cross-Motion for Summary Judgment is DENIED.

## I. BACKGROUND

The instant action was filed by Plaintiff Angela Lowe, individually and as administratrix of the estate of her husband Sean Levert, arising from his death while incarcerated in the Cuyahoga County Jail. (ECF # 99. at ¶ 1.)  Plaintiff alleges that Mr. Levert was taking Xanax for a medical condition and, despite presenting his bottle of prescription pills to Cuyahoga County Jail officials, he was deprived the medication, resulting in his death from Xanax withdrawal. (*Id*.)  Pursuant to an Agreed Order of Dismissal, the sole claim over which this Court has

retained jurisdiction is in the Third-Party Complaint (the "Complaint") by the County against

State Auto, wherein the County alleges that it is entitled to defense and indemnity by State Auto

pursuant to a policy issued by State Auto to Midwest Medical Staffing, Inc. (the "Policy"), a

medical provider under contract with the County to provide medical, psychiatric, dental, and

pharmaceutical services at the Cuyahoga County Corrections Center ("MMS").  (ECF # 174 at

¶¶ 3-4.)  The policy at issue also included additional insurance for the County and its employees.

(*Id.* at ¶ 4.)

## II. STANDARD OF REVIEW

Summary judgment is appropriate when the court is satisfied "that there is no genuine

issue as to any material fact and that the moving party is entitled to a judgment as a matter of

law."  FED. R. CIV. P. 56(c).  The burden of showing the absence of any such "genuine issue"

rests with the moving party:

> [A] party seeking summary judgment always bears the initial responsibility of
> informing the district court of the basis for its motion, and identifying those portions
> of 'the pleadings, depositions, answers to interrogatories, and admissions on file,
> together with affidavits, if any,' which it believes demonstrates the absence of a
> genuine issue of material fact.

*Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (citing FED. R. CIV. P. 56(c)).  A fact is

"material" only if its resolution will affect the outcome of the lawsuit.  *Anderson v. Liberty*

*Lobby, Inc.*, 477 U.S. 242, 248 (1986).  Determination of whether a factual issue is "genuine"

requires consideration of the applicable evidentiary standards.  The court will view the summary

judgment motion in the light most favorable to the party opposing the motion.  *Matsushita Elec.*

*Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

Summary judgment should be granted if a party who bears the burden of proof at trial

does not establish an essential element of their case. *Tolton v. American Biodyne, Inc.*, 48 F.3d 937, 941 (6th Cir. 1995) (citing *Celotex*, 477 U.S. at 322). Accordingly, "[t]he mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Copeland v. Machulis*, 57 F.3d 476, 479 (6th Cir. 1995) (citing *Anderson*, 477 U.S. at 252). Moreover, if the evidence presented is "merely colorable" and not "significantly probative," the court may decide the legal issue and grant summary judgment. *Anderson*, 477 U.S. at 249-50 (citations omitted). In most civil cases involving summary judgment, the court must decide "whether reasonable jurors could find by a preponderance of the evidence that the [non-moving party] is entitled to a verdict." *Id*. at 252. However, if the non-moving party faces a heightened burden of proof, such as clear and convincing evidence, it must show that it can produce evidence which, if believed, will meet the higher standard. *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479 (6th Cir. 1989).

Once the moving party has satisfied its burden of proof, the burden then shifts to the nonmover. The nonmoving party may not simply rely on its pleadings, but must "produce evidence that results in a conflict of material fact to be solved by a jury." *Cox v. Kentucky Dep't of Transp.*, 53 F.3d 146, 149 (6th Cir. 1995). FED. R. CIV. P. 56(e) states:

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial.

The Federal Rules identify the penalty for the lack of such a response by the nonmoving party as an automatic grant of summary judgment, where otherwise appropriate. *Id.*

Though parties must produce evidence in support of and in opposition to a motion for

-3-

summary judgment, not all types of evidence are permissible.  The Sixth Circuit has concurred

with the Ninth Circuit that "'it is well settled that only admissible evidence may be considered

by the trial court in ruling on a motion for summary judgment.'"  *Wiley v. United States*, 20 F.3d

222, 225-26 (6th Cir. 1994) (quoting *Beyene v. Coleman Sec. Servs., Inc.*, 854 F.2d 1179, 1181

(9th Cir. 1988)).  FED. R. CIV. P. 56(e) also has certain, more specific requirements:

> [Rule 56(e)] requires that affidavits used for summary judgment purposes be made
> on the basis of personal knowledge, set forth admissible evidence, and show that the
> affiant is competent to testify.  Rule 56(e) further requires the party to attach sworn
> or certified copies to all documents referred to in the affidavit.  Furthermore, hearsay
> evidence cannot be considered on a motion for summary judgment.

*Wiley*, 20 F.3d at 225-26 (citations omitted).  However, evidence not meeting this standard may

be considered by the district court unless the opposing party affirmatively raises the issue of the

defect.

> If a party fails to object before the district court to the affidavits or evidentiary
> materials submitted by the other party in support of its position on summary
> judgment, any objections to the district court's consideration of such materials are
> deemed to have been waived, and [the Sixth Circuit] will review such objections
> only to avoid a gross miscarriage of justice.

*Id*. at 226 (citations omitted).

As a general matter, the district judge considering a motion for summary judgment is to

examine "[o]nly disputes over facts that might affect the outcome of the suit under governing

law."  *Anderson*, 477 U.S. at 248.  The court will not consider non-material facts, nor will it

weigh material evidence to determine the truth of the matter.  *Id.* at 249.  The judge's sole

function is to determine whether there is a genuine factual issue for trial; this does not exist

unless "there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for

that party."  *Id.*

In sum, proper summary judgment analysis entails "the threshold inquiry of determining whether there is the need for a trial – whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson*, 477 U.S. at 250.  It is with this standard in mind that the Motions for Summary Judgment shall be decided.

### III. DISCUSSION

The primary issue before the Court in the Cross-Motions for Summary Judgment is a relatively narrow one.  In particular, the issue before the Court is whether the Policy exclusion for designated professional services (the "Professional Services Exclusion" or the "Exclusion") bars the County's claim for defense and indemnity.  The Professional Services Exclusion provides that the "insurance does not apply to 'bodily injury' . . . or 'personal injury or advertising injury' due to the rendering or failure to render any professional service."  (ECF # 165 at 4.)

In its Motion for Summary Judgment, the County argues that the Professional Services Exclusion does not apply to claims for civil rights violations as alleged in the Fourth Amended Complaint, given that such allegations "describe deliberate indifference and/or ordinary acts of negligence by non-professionals." (*Id.* at 5.)  To the extent that acts by professionals are implicated, the County asserts that the Exclusion does not apply to professionals that are performing acts that are not professional in nature. (*Id.* at 7.)

This Court agrees, and finds that the allegations in the Fourth Amended Complaint extend beyond the conduct of the medical professionals in this instance.  The Fourth Amended Complaint alleges that Mr. Levert had been prescribed the Xanax prior to his incarceration (ECF

# 99 at ¶ 25), and that he advised jail officials of his condition (*Id.* at ¶ 28).  Despite this, the

Fourth Amended Complaint asserts that jail officials withheld Mr. Levert's medications and

proper medical treatment during the days leading up to his death (*Id.* at ¶ 29).  The failure of the

jail officials to act was averred to have resulted from a County policy and/or practice (*Id.* at ¶¶

56-57).  This alleged policy began at intake once Mr. Levert arrived at the jail, and it included the

administrative task of verifying Mr. Levert's prescription with his personal physician (*Id.* at ¶¶

31-33).  In Count I of the Complaint, the County is asserted to be vicariously liable for the acts or

omissions of MMS, in that MMS and Dr. Emmanuel Tuffuor allegedly failed to train County

employees to provide adequate care to inmates (*Id.* at ¶¶ 62-65).  As asserted in the County's

Motion, these allegations do not fall within the Exclusion pertaining to a claim for failure to

render or improperly rendering medical services.  Based upon the foregoing, this Court concludes

that State Auto had a duty to defend and indemnify in this case.[1]

## IV. CONCLUSION

For the reasons set forth above, the County's Motion for Summary Judgment is

---

[1]  *See Imperial Casualty & Indemnity Co. v. The Home Insurance Company of Manchester*, 727 Fed.
Supp. 917, 919-20 (M.D. Pa. 1990); *Safeco Ins. Co. of Am. v. White*, 122 Ohio St.3d 562, 563
(2009). Having found a duty to defend and indemnify in this case, the Court need not address the
County's alternative argument concerning Coverage B for Personal Injury.  (ECF # 165 at 12-17.)

GRANTED (ECF # 165), and State Auto's Cross-Motion for Summary Judgment is DENIED

(ECF # 172).

       IT IS SO ORDERED.


                         *s/ Donald C. Nugent*
                         DONALD C. NUGENT
                         United States District Judge

DATED: February 9, 2011