**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| ANGELA LOWE, ) | CASE NO. 1:08-CV-01339 |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | MAGISTRATE JUDGE GREG WHITE |
| CUYAHOGA COUNTY/BOARD OF ) | |
| COUNTY COMMISSIONERS, *et al.*, ) | |
| ) | |
| Defendants. ) | **ORDER** |

      Before this Court is the Motion of Third Party Plaintiff Cuyahoga County for a New Trial and/or to Alter/Amend Judgment and/or Motion for Relief from Judgment made pursuant to Federal Rules of Civil Procedure 59(a)(2), 59(e), and 60(b)(1), (6). (ECF No. 274.) Third Party Defendant State Automobile Mutual Insurance Company (hereafter "State Auto") filed an opposition brief on December 17, 2012, to which Cuyahoga County replied on December 21, 2012. (ECF Nos. 278 & 279.)

### I. Procedural Background

      This matter began as a wrongful death action by Plaintiff Angela Lowe, individually and as administratrix of the estate of her late husband, Sean Levert, who died as a result of complications from Xanax (benzodiazepine) withdrawal while in custody at the Cuyahoga County jail. (ECF No. 99.) The Fourth Amended Complaint, filed on April 7, 2010, specifically alleged the following causes of action: a deprivation of decedent's rights pursuant to 42 U.S.C. §1983; wrongful death under Ohio law; malpractice against physicians and nurses of the Cuyahoga County Jail; negligence against Defendants Midwest Medical Staffing and Dr. Emmanuel Tuffuor; negligence against Defendants Cuyahoga County, Sheriff Gerald McFaul, and county employees Kenneth Kochevar, and Christine Dubber; and, loss of consortium. *Id*.

On May 21, 2010, the County filed cross-claims against Defendant Midwest Medical Staffing (hereinafter "MMS") alleging common law indemnity or contribution and breach of contract. (ECF No. 118.) The County also filed a third-party complaint against State Auto asserting entitlement to defense and indemnity as an additional insured under a general liability policy issued to MMS by State Auto. *Id*.

On June 16, 2010, after mediation, the parties reached a contingent settlement disposing of all claims except the County's claim against State Auto.[1] (ECF No. 141.)

On July 9 and 10, 2012, with the consent of the parties, this Court conducted a bench trial. (ECF Nos. 261-262.) On October 25, 2012, judgment was entered in favor of Defendant State Auto, as the Court found that Cuyahoga County failed to establish a § 1983 violation. (ECF Nos. 272-273.)

## II. Analysis

**A. Civil Rule 59: New Trial; Altering or Amending a Judgment**

In pertinent parts, Fed. R. Civ. P. 59 provides as follows:

(a) In General.

\*\*\*

(2) Further Action After a Nonjury Trial. After a nonjury trial, the court may, on motion for a new trial, open the judgment if one has been entered, take additional testimony, amend findings of fact and conclusions of law or make new ones, and direct the entry of a new judgment.

(b) Time to File a Motion for a New Trial. A motion for a new trial must be filed no later than 28 days after the entry of judgment.

\*\*\*

(e) Motion to Alter or Amend a Judgment. A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment.

In the Sixth Circuit, "[a] court may grant a motion to alter or amend judgment only if there was '(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in

---

[1] All claims but those against State Auto were ultimately dismissed on December 28, 2010. (ECF No. 174.)

2

controlling law; or (4) a need to prevent manifest injustice.'" *Collins v. Ford Motor Credit Com., LLC*, 2012 WL 6681781 at *2 (N.D. Ohio Dec. 21, 2012) (*quoting GenCorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir.1999)). However, "[a] motion under Rule 59(e) is not an opportunity to re-argue a case," as Rule 59(e) motions are aimed at reconsideration, and *not* initial consideration. *See Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998) ("parties should not use [motions under Rule 59(e)] to raise arguments which could, and should, have been made before judgment issued [and] must either clearly establish a manifest error of law or must present newly discovered evidence.") (internal citations omitted); *accord Whitehead v. Bowen*, 301 F. App'x 484, 489 (6th Cir. 2008), *Hill v. AirTran Airways, Inc.*, 2009 WL 2824546 (S.D. Ohio Aug. 27, 2009); *Collins, LLC*, 2012 WL 6681781 at *2.

Cuyahoga County has failed to present an argument suggesting a clear error of law, the existence of newly discovered evidence, or an intervening change in controlling law. Rather, Cuyahoga County asserts that its motion should be granted to prevent a manifest injustice. (ECF No. 279 at 2-3.) Cuyahoga County, however, never argued that simple negligence by MMS, State Auto's insured, could result in liability to the County under the doctrine of *respondeat superior*. Tellingly, Cuyahoga County's motion and reply does not point to any such argument raised in its trial brief, post-trial brief, or in closing arguments. Quite simply, Cuyahoga County is asking the Court to consider the simple negligence argument for the very first time. Throughout the case, Cuyahoga County asserted that its liability to the original plaintiff stemmed from § 1983 liability. *Respondeat superior* liability was never argued, as § 1983 "does not permit a plaintiff to sue a local government entity on the theory of respondeat superior." *Gregory v. City of Louisville*, 444 F.3d 725, 752-753 (6th Cir. 2006); *see also Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 692 (1978) ("[§1983] cannot be easily read to impose liability vicariously on governing bodies solely on the basis of the existence of an employer-employee relationship with a tortfeasor.") As the above case law makes clear, however, Rule 59 motions do not offer a second bite at the apple and are not an opportunity to raise new arguments or theories of liability that could have been raised at trial.

3

In addition, the Court does not agree that a manifest injustice would otherwise occur. First, Cuyahoga County misconstrues a passage in the Court' opinion as "a holding that MMS was negligent." (ECF No. 274 at 3.) The Court found that the medical expert's testimony characterizing the County's Xanax policy was significant, but that it could "at most" establish negligence and not deliberate indifference. (ECF No. 272 at 16.) The Court made no express finding as to whether the policy resulted in medical malpractice as the County never advanced liability on such theory. Moreover, the medical expert's testimony that there was no reason to treat Xanax different from certain other drugs does not *ipso facto* establish a breach of the required standard of care. Instead, the Court observed as follows:

> Furthermore, pursuant to Ohio Revised Code ("O.R.C.") § 2744.02, the County, as a political subdivision "is not liable in damages in a civil action for injury, death, or loss to person or property allegedly caused by any act or omission of the political subdivision or an employee of the political subdivision in connection with a governmental or proprietary function" unless an express statutory exception applies. However, none of the exceptions are applicable to the case at bar. Therefore, the County's legal liability must not only stem from acts or omissions by MMS and its employees, but such acts or omissions must result in liability under § 1983. The County appears to concede as much. In its Trial Brief, the County explains its theory of the case as follows:
>
>> The violation of the Eighth Amendment rights of Sean Levert makes Midwest Medical liable *since it violated Title 42 Section 1983.* Because the County is responsible for the operation of the jail, it shares liability for those policies. If the jail policies of Midwest Medical Staffing caused damage to decedent Levert, the State Auto policy issued to Midwest Medical Staffing, naming the County as an additional insured, is responsible for indemnification under that insurance policy, not only to Midwest Medical Staffing, but to the County. *The substance of this case is that the jail policy caused the death*, and the injury is covered by the insurance policy, to the benefit of the County.
>
> (ECF No. 246 at 3) (emphasis added).
>
> During closing arguments, the County did not advance any other theory of liability. Thus, the dispositive issue with respect to liability is whether the policies and customs established by MMS rise to the level of deliberate indifference resulting in § 1983 liability for the County.

(ECF No. 272 at 5-6) (footnote omitted).

For the first time, in its reply brief filed on December 21, 2012, Cuyahoga County asserts that it could be held liable for negligence because the operation of the jail is a "proprietary" function. (ECF No. 279 at 7.) The County explains that through O.R.C. § 2743.02(B), the State

4

of Ohio waived immunity from liability for all hospitals owned or operated by political subdivisions. *Id*. The County further argues that the jail falls under the definition of hospitals. *Id*. Cuyahoga County's assertion that the provision of medical care at a jail is a proprietary function is contrary to statute, which expressly identifies "[t]he design, construction, reconstruction, renovation, repair, maintenance, and operation of jails, places of juvenile detention, workhouses, or any other detention facility ..." as a *governmental* function. O.R.C. § 2744.01(C)(2)(h); *see also Wright v. Mahoning County Bd. of Comm'rs*, 2009 Ohio App. LEXIS 439, 2009-Ohio-561 at ¶19 (Ohio Ct. App., Feb. 5, 2009) ("Operation of a jail is a governmental function.") To the extent Cuyahoga County is attempting to distinguish the provision of medical care at a jail from the *operation* of a jail, it has cited no supporting law. Neither has Cuyahoga County cited case law supporting its interpretation of the Ohio Revised Code that a jail constitutes a medical facility. In *Phipps v. City of Dayton*, an Ohio appellate court indicated that "sovereign immunity for negligence by a political subdivision has been abolished for negligence which occurs within or on the grounds of buildings used for governmental functions, including office buildings and courthouses, *but has not been abolished for negligence which occurs in jails, places of juvenile detention, workhouses, or any other detention facility*." 57 Ohio App. 3d 11, 12, 566 N.E.2d 181, 183 (Ohio Ct. App. 1988) (emphasis in original), *cause dismissed sub nom. Phipps v. Dayton*, 41 Ohio St. 3d 708, 534 N.E.2d 1204 (Ohio 1989). As explained in a prior suit against Cuyahoga County, "[t]he governmental immunity granted in R.C. 2744.02(B)(4) for the operation of jails and detention facilities is a total exemption from liability, regardless of negligence law. Where, as here, mere negligence is claimed in a lawsuit and sovereign immunity is a complete defense to that claim, then the facts surrounding the act of negligence are not material to the case." *Goad v. Cuyahoga County Bd. of Comm'rs*, 607 N.E.2d 878, 79 Ohio App. 3d 521, 524-525 (Ohio Ct. App., 1992) (*citing Phipps*, 57 Ohio App. 3d at 12.)

Given the absence of any clear error of law, any newly discovered evidence, any intervening change in controlling law, or any evidence of a manifest injustice, Cuyahoga County's motion for a new trial or to alter and/or amend the judgment pursuant to Fed. R. Civ. P.

5

59 is denied.

**B.    Civil Rule 60: Relief from a Judgment or Order**

In pertinent parts, Fed. R. Civ. P. 60(b) provides as follows:

> (b)  Grounds for Relief from a Final Judgment, Order, or Proceeding. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
>> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> ***
>
>> (6) any other reason that justifies relief.

As recently explained by the Sixth Circuit, relief under Fed. R. Civ. P. 60(b) is "circumscribed by public policy favoring finality of judgments and termination of litigation." *United States v. Real Prop. Located at 2621 Bradford Drive, Middletown, Butler County, Ohio*, 369 Fed. App'x 663, 666 (6th Cir. 2010) (internal citations and quotation marks omitted).  The Sixth Circuit also explained that a party seeking relief under Rule 60(b) must demonstrate a lack of culpability:

> Rule 60(b) provides grounds for relief from a final judgment for enumerated reasons, including "mistake, inadvertence, surprise, or excusable neglect." Fed.R.Civ.P. 60(b)(1). "In determining whether relief is appropriate under Rule 60(b)(1), courts consider three factors: '(1) culpability—that is, whether the neglect was excusable; (2) any prejudice to the opposing party; and (3) whether the party holds a meritorious underlying claim or defense.  A party seeking relief must first demonstrate a lack of culpability before the court examines the remaining two factors.'" *Flynn v. People's Choice Home Loans, Inc.*, 440 Fed.Appx. 452, 457-58 (6th Cir. 2011) (*quoting Gumble v. Waterford Twp.*, 171 Fed.Appx. 502, 506 (6th Cir. 2006)).  Clients are held accountable for their attorneys' acts and omissions. *McCurry v. Adventist Health Sys./Sunbelt, Inc.*, 298 F.3d 586, 594-95 (6th Cir.2002).  "Thus, in assessing a claim of excusable neglect, 'the proper focus is upon whether the neglect of [the parties] and their counsel was excusable.'" *Id*. at 595 (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 397, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993)).

*Yeschick v. Mineta*, 675 F.3d 622, 628-29 (6th Cir. 2012)

Neither Cuyahoga County's motion nor its reply brief offer any explanation as to why the County did not raise a negligence argument before, during, or after trial and prior to this Court's judgment.  Cuyahoga County could have easily raised the argument it now advances, as it is not based on any new law or evidence.  Even while the Court finds relief under Rule 60(b)(1) is not warranted, serious doubts remain regarding the viability of the County's belated

6

negligence/vicarious liability argument. State Auto is only responsible to indemnify Cuyahoga County if the County was found responsible to respond in damages to the Plaintiff for the acts or omissions of the insured, MMS. At trial, Cuyahoga County did not establish the right to such indemnity under any theory. Finally, the Court has not been presented with any other persuasive reason justifying relief under Rule 60(b)(6).

### III. Conclusion

For the foregoing reasons, Cuyahoga County's motion (ECF No. 274) is DENIED.

IT IS SO ORDERED.

s/ Greg White<br>United States Magistrate Judge

Date: January 23, 2013